IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES D. HAYWARD**<br>**264 North Main Street**<br>**Wilkes-Barre, PA 18702,**<br><br>       **Plaintiffs**<br>    v.<br><br>**BULEX SERVICE CORPORATION**<br>**540 Allendale Drive, Unit 2E**<br>**Wheeling, IL 60090,**<br><br>**and**<br><br>**ABMM, INC.**<br>**540 Allendale Drive, Unit 2F**<br>**Wheeling, IL 60090,**<br><br>**and**<br><br>**USAA GENERAL INDEMNITY COMPANY.**<br>**9800 Fredericksburg Road**<br>**San Antonia, Texas 78288,**<br><br>       **Defendants.** | **Case No.: _____** |

**NOTICE AND PETITION OF REMOVAL OF**
<u>**DEFENDANTS BULEX SERVICE CORPORATION AND ABMM, INC.**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants, Bulex Service Corporation and ABMM, Inc., (hereinafter collectively known as "Defendants"), by and through their attorneys, Goldberg Segalla LLP, submit this Notice and Petition for Removal from the Court of Common Pleas of Lehigh County, Pennsylvania, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support of said Notice and Petition, Defendants state as follows:

1.      Plaintiff, James D. Hayward, commenced this personal injury action in the Court of Common Pleas of Lehigh County, February Term 2026, No. 0472, by filing his complaint against Defendants on February 4, 2026. *See* Exhibit "A."

2.      Plaintiff's Complaint arises out of an alleged accident on or about January 3, 2025, which occurred on I-476 north in South Whitehall, Lehigh Valley, PA. *See* Exhibit "A" at Paragraph 11.

3.      Plaintiff, James D. Hayward, alleges that he was injured as a result of Defendants' negligence. *See* Exhibit "A."

4. Defendants were served with Plaintiff's Complaint on February 12, 2026. See Proof of Service on Defendants, attached as Exhibit "B" and Exhibit "C."

## Timeliness Of Removal

4.      This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days from the date upon which Defendants were served with the Complaint. *See* Exhibit "D."

## Diversity of Citizenship

5.      28 U.S.C. § 1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

6.      A district court shall have original jurisdiction over a proceeding wherein the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

7.      A corporation shall be deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

9. According to the Complaint in the instant case, Plaintiff is a citizen of the State of Pennsylvania. *See* Exhibit "A."

10. Bulex Service Corporation is an Illinois corporation licensed to do business in Pennsylvania. *See* Exhibit "A" at paragraph 2.

11. ABMM, Inc. is an Illinois corporation licensed to do business in Pennsylvania. *See* Exhibit "A" at paragraph 3.

12. Co-defendant, USAA General Indemnity is a Texas corporation licensed to do business in Pennsylvania. *See* Exhibit "A" at paragraph 5.

13. The Supreme Court has consistently held that citizenship of corporations for the purposes of establishing diversity jurisdiction is based on (1) the corporation's State of incorporation, and (2) the additional exception that a corporation is also a citizen of the State where it has its principal place of business. *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 381 (2016). It makes no exception for certified agents.

14. Diversity of citizenship exists because Plaintiff is a citizen of Pennsylvania and Defendants are citizens of States other than Pennsylvania.

**Amount in Controversy**

15. If a party seeks the removal of an action based upon diversity of citizenship and demands nonmonetary relief in its initial pleading, the notice of removal may state the amount in controversy and the action will be removable if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446 (c)(2).

16. A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (*citing* 28 U.S.C. § 1446(a)).

17. "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Johnson v. Costco Wholesale*, 1999 WL 740690 at *3 (E.D. Pa. Sept. 22, 1999) (*citing Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). *See also Marie v. Sears Auto Repair CM*, 2011 WL 198465 (E.D. Pa. Jan. 20, 2011) (Court refused to remand where the plaintiff demanded an amount "in excess of $50,000").

18. Here, Plaintiff claims that he suffered acute pain of the left shoulder, strain of the left shoulder, complete tear of the left rotator cuff, surgical rotator cuff repair, left low back pain." *See* Exhibit "A" at paragraph 14.

19. Plaintiff states that he has undergone and continues to receive various medical treatments, medications, and other procedures to abate the pain and the injuries. *See* Exhibit "A" at paragraph 15.

20. Plaintiff states in their complaint that he has been and may continue to be subject to further medical procedures and treatments, pain, suffering and discomfort. *See* Exhibit "A" at paragraph 16.

21. Plaintiff further alleges that he has been forced to incur medical treatment and other household expenses to restore his health and mitigate his losses. *See* Exhibit "A" at paragraph 20.

22. Plaintiff demanded an amount in excess of $50,000, the arbitration limit in Pennsylvania. *See* 42 Pa.C.S. § 7361(b)(2).

23. Accordingly, based on a reasonable reading of the rights being litigated, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

**Plea for Removal**

23. There is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement of seventy-five thousand dollars ($75,000.00); therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. § 1441.

24. No served defendant is a citizen of the forum state of Pennsylvania such that removal is not precluded by 28 U.S.C. § 1441(b).

25. Since the Lehigh County Court of Common Pleas is located within the Eastern District of Pennsylvania, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

26. Defendants have, contemporaneously with the filing of this Notice and Petition of Removal, given written notice to all counsel and unrepresented parties of the removal of this matter.

27. Promptly after filing the within Notice and Petition of Removal, a copy of same will be filed with the Prothonotary of the Court of Common Pleas of Lehigh County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Bulex Service Corporation and ABMM, Inc., respectfully request that this civil action be removed from the Court of Common Pleas of Lehigh County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

          Respectfully submitted,

          **GOLDBERG SEGALLA LLP**

          By: */s/ Christina L. Capobianco*
          Christina L. Capobianco, Esq.
          Attorney ID No. 95105
          Shila Bayor, Esq.
          Attorney ID N0.  334478
          1700 Market Street, Suite 3232
          Philadelphia, PA 19103-3907
          (P) 267-519-6800; (F) 267-519-6801
          *Attorneys for Defendants Bulex Service Corporation and ABMM, Inc.*

Date: March 11, 2026

## CERTIFICATE OF SERVICE

I, Christina L. Capobianco, Esquire, hereby certify on this date a true copy of the Notice of Removal on behalf of Defendants, Bulex Service Corporation and ABMM, Inc. was served upon the following by email and ECF:

Joshua J. Perry, Esquire
O'DONNELL LAW OFFICES
267 Wyoming Ave.
Kingston, PA 18704

*Attorneys for Plaintiff*

James J. Dodd-o, Esquire
William J. Novick, IV, Esquire
THOMAS, THOMAS & HAFER, LLP
1550 Pond Road, Suite 210
Allentown, PA 18104

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: */s/ Christina L. Capobianco*
Christina L. Capobianco, Esq.
Attorney ID No. 95105
Shila Bayor, Esq.
Attorney ID N0. 334478
1700 Market Street, Suite 3232
Philadelphia, PA 19103-3907
(P) 267-519-6800; (F) 267-519-6801
*Attorneys for Defendants Bulex Service Corporation and ABMM, Inc.*

Date: March 11, 2026